**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO: 1:05CV-199-M**

| | |
|---|---|
| **PEGGY APPLING, ET AL.** | **PLAINTIFFS** |
| **V.** | |
| **LIFELINE HEALTH GROUP, INC AND LIFELINE HEALTH CARE, INC. d/b/a LIFELINE HOME HEALTH CARE** | **DEFENDANTS/THIRD-PARTY PLAINTIFFS** |
| **V.** | |
| **JEFF McINTOSH; ENERGY INSURANCE AGENCY, INC.; DAVE BAUMGARTNER; ENERGY FINANCIAL SERVICES, LLC; ACE AMERICAN INSURANCE COMPANY, AND NORTHWIND, LLC** | **THIRD-PARTY DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Third-Party Defendants, Ace American Insurance Company and Northwind, LLC, to dismiss the Complaint against them, or, in the alternative, for a more definite statement [DN 16]. Fully briefed, this matter stands ripe for decision. For the following reasons, the motion to dismiss brought by Ace American Insurance Company and Northwind, LLC is **GRANTED**, and their motion for a more definite statement is **DENIED as moot**.

**I. BACKGROUND**

This case arises out of a Complaint for class action relief brought under the Employee Retirement Income Security Act ("ERISA"). The Plaintiffs are a class of employees who

-1-

allege that the Defendant/Third-Party Plaintiff, Lifeline Health Group, Inc., and Lifeline Health Care, Inc., d/b/a Lifeline Home Health Care ("Lifeline"), failed and refused to fund their Plan. Lifeline, in turn, has filed a Third-Party Complaint against several other Third-Party Defendants in which it asserts claims of fraud, misrepresentation, breach of contract, breach of fiduciary duties, conversion, and negligence. Defendants, Ace American Insurance Company ("Ace") and Northwind, LLC ("Northwind"), seek to dismiss the Third-Party Complaint against them.[1]

Beginning in 2003, Lifeline began researching various options for providing a group health benefit plan for their employees. Various Third-Party Defendants soon promoted a group health employee benefit plan to Lifeline, and Lifeline began paying premiums shortly thereafter. According to the Third-Party Complaint, the Third-Party Plaintiffs have paid in excess of one million eight hundred thousand dollars in premiums. It was represented to the Third-Party Plaintiffs that at least three types of policies were to be purchased with the premiums paid: (1) a "Benefit Link" policy, to pay certain amounts on in-patient and out-patient claims; (2) a "Stop Loss" policy, being reinsurance issued by Ace, or possibly others, to cover claims in excess of $100,000; and (3) an "Aggregate Stop Loss" policy, to essentially cover claims in excess of 125% of the anticipated losses. The crux of Lifeline's Complaint is that "various Third-Party Defendants, or some of them, accepted the premiums from the Third-Party Plaintiffs, but failed to utilize said premiums in accordance with the

---

[1] Another Third-Party Defendant, Caledonian SPC Re: SP103 also filed a motion to dismiss the Third-Party Complaint against it. Caledonian SPC Re: SP 103 has settled the claims against it.

agreements and representations," thus causing the Third-Party Plaintiffs to be subjected to claims by the class of Plaintiffs.

Consequently, the Third-Party Plaintiffs have asserted claims of fraud, misrepresentation, breach of fiduciary duties, breach of contract, conversion, and negligence. The Third-Party Complaint, however, does not specifically state a claim against Ace or Northwind by name. Aside from jurisdiction, the only allegation against Ace by name is that it underwrote an excess loss insurance policy for Lifeline. The Third-Party Complaint states no allegations against Northwind by name, other than jurisdiction. The Third-Party Complaint, at times, also asserts allegations against the "various Third-Party Defendants, or some of them." Ace and Northwind now move the Court to either dismiss the Complaint for lack of specificity, or, in the alternative, to require a more definite statement.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir.1996), cert. denied, 520 U.S. 1251 (1997). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied, 516 U.S. 1158 (1996). A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d

1061, 1064 (6th Cir.1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Lillard, 76 F.3d at 726 (citation omitted). In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken. Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir.1995).

Rule 12(e) states that a motion for more definite statement is proper only "if a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Only if the pleading is too vague for a party to frame a responsive pleading will a court grant a Rule 12(e) motion. F.R.C.P. 12(e). A motion for a more definite statement must state the defects in the pleading and the details desired. Id. A party, however, may not use a Rule 12(e) motion as a substitute for discovery. Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959). Given the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored. See id. At the same time, the Supreme Court recently noted that "if a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002).

## III. DISCUSSION

In their motion, Ace and Northwind argue that the Third-Party Complaint states no set of facts that would permit recovery against them for any of the claims asserted. Lifeline contends that the Complaint represents the most complete information regarding Ace and Northwind currently in its possession, and that the Complaint, as written, is sufficient to survive a motion to dismiss.

### A. Fraud/Misrepresentation

The notice pleading standard of F.R.C.P. 8(a) requires only that a plaintiff set forth a short and plain statement of the claim showing that the pleader is entitled to relief. F.R.C.P. 8(a). F.R.C.P. 9(b) augments the notice requirement of F.R.C.P. 8(a) in certain cases, requiring that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." F.R.C.P. 9(b). "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'"[2] Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 563 (6th Cir. 2003) (quoting Coffey v. Foamex L.P., 2 F.3d 157, 161-162 (6th Cir. 1993)). F.R.C.P. 9(b) also requires that the circumstances surrounding misrepresentations be pled with particularity. Evans v. Pearson Enters., 434 F.3d 839, 852 (6th Cir. 2006).

---

[2] The elements of fraud in Kentucky are as follows: a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury. UPS v. Rickert, 996 S.W.2d 464, 468 (Ky. 1999).

Here, the Third-Party Complaint is defective in that it does not plead the circumstances surrounding the alleged fraud and misrepresentation with particularity. The Complaint lacks enough necessary information as to time, place, and content to enable Ace and Northwind to form a responsive pleading. The allegations simply are not specific as to Ace and Northwind; rather the allegations are conclusory, and conclusory allegations will not suffice under F.R.C.P. 9(b).

**B. Remaining Claims**

Although Lifeline's remaining claims are not governed by the heightened pleading requirement of F.R.C.P. 9(b), they are nevertheless fatally defective.[3] "The pleading standard set by Rule 8(a)(2) does not change from case to case." Mountain View Pharmacy v. Abbott Laboratories, 630 F.2d 1383, 1386 (10th Cir. 1980). "To provide adequate notice, a complaint in a complex, multi-party suit may require more information than a simple, single party case." Id. at 1386-87. "[W]hen a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). A court may dismiss a complaint as a matter of law if the complaint alleges insufficient facts under a cognizable

---

[3]To recover for breach of contract under Kentucky law, "a plaintiff must show the existence and the breach of a contractually imposed duty." Lemming v. Commercial Union Ins. Co., 260 F.3d 574, 581 (6th Cir. 2001). "The elements necessary to prove a conversion claim established in case law are: (1) the plaintiff had legal title to the converted property; (2) the plaintiff had possession of the property or the right to possess it at the time of the conversion; (3) the defendant exercised dominion over the property in a manner which denied the plaintiffs rights to use and enjoy the property and which was to the defendant's own use and beneficial enjoyment; (4) the defendant intended to interfere with the plaintiffs possession; (5) the plaintiff made some demand for the property's return which the defendant refused; (6) the defendant's act was the legal cause of the plaintiffs loss of the property; and (7) the plaintiff suffered damage by the loss of the property." Kentucky Ass'n of Counties v. McClendon, 157 S.W.3d 626, 632 (Ky. 2005) (citations omitted). To make out a case of negligence under Kentucky law, a plaintiff must show a duty, a violation thereof, and consequent injury. Watters v. TSR, Inc., 904 F.2d 378, 380 (6th Cir. 1990).

legal claim. SmileCare Dental Group v. Delta Dental Plan of California, Inc., 88 F.3d 780, 783 (9th Cir. 1996), cert. denied, 519 U.S. 1028 (1996).

Lifeline merely asserts that "[t]he acts and omissions of the Third-Party Defendants, or some of them," caused harm. No specific facts were alleged regarding Ace or Northwind. Plaintiff even admits in its response that "[a]s to whether the claims of fraud, misrepresentation, breach of fiduciary duty, conversion, breach of contract, or negligence are applicable against Ace or Northwind, or both is, candidly, unknown at this time." It appears that Lifeline is speculating that it may have a claim against Ace or Northwind, however, it does not yet have knowledge of specific facts to state any such claim.

Inasmuch as Lifeline has admitted that the allegations of the Third-Party Complaint represent the most complete information it currently has, an order requiring a more definite statement would be useless. Thus, the Third-Party Complaint is dismissed for failure to state a claim against Ace and Northwind.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) [DN 16] is **GRANTED.** Defendants' Motion for a More Definite Statement pursuant to F.R.C.P. 12(e) is **DENIED as moot**.

Copies to: Counsel of record
05cv-199Appling